IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| CEDRIC MERRITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:13-cv-02304-STA-dkv |
| | ) Cr. No. 11-cr-20144-STA-dkv |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2255,
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On May 10, 2013, Petitioner/Defendant Cedric Merritt, Bureau of Prisons inmate registration number 24671-076, filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.) On April 11, 2014, the Court directed the United States to respond to the motion. (ECF No. 9.) On December 9, 2014, the United States filed a response and an answer.[1] (ECF No. 18.) For the following reasons, this Court hereby **DENIES** the § 2255 motion.

I.  PROCEDURAL HISTORY

On May 24, 2011, a Federal Grand Jury sitting in the Western District of Tennessee returned a multi-count indictment against Merritt on three counts of drug and firearm possession in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g), and 18 U.S.C. § 924(c). *United States v. Merritt*, No 2:11-cr-20144-STA (W.D. Tenn.) (ECF No. 1.) A superseding indictment was

---

[1] The United States received extensions of time in which to file its answer. (Orders, ECF Nos. 16, 25.)

returned on October 1, 2011. (*Id.*, ECF No. 36.)[2] A change of plea hearing was held on December 8, 2011, before the Honorable Judge Samuel H. Mays, Jr. (*Id.*, ECF No. 48.) However, Judge Mays did not accept Merritt's plea because Merritt did not admit to any criminal conduct. (*Id.*)

On February 13, 2012, Merritt entered a plea of guilty before the undersigned judge as to count two of the superseding indictment which charged Merritt with possession with intent to distribute hydrocodone in violation of 21 U.S.C. § 841(a)(1). (*Id.*, ECF No. 57.) The agreement was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) wherein the parties requested that the district court accept their collective recommendation for a specific, agreed upon sentence.[3] (*Id.*, ECF No. 58). The Court accepted Merritt's guilty plea. (*Id.*)

On May 17, 2012, the United States dismissed counts one and three of the indictment, and the Court sentenced Merritt to sixty months of imprisonment and two years of supervised released. (*Id*, ECF No. 63.) Pursuant to the plea agreement, Merritt voluntarily waived his right to appeal the sentence imposed by the Court. The final judgment of conviction was entered on May 31, 2012. (*Id.*, ECF No. 64.) Needum Louis Germany, III, with the Office of the Federal Public Defender, represented Merritt during these proceedings.

Merritt has now filed this motion pursuant to § 2255 alleging:

1. Counsel was ineffective because of his failure to object to Merritt's being sentenced outside his advisory guideline range.

2. Counsel was ineffective because he did not thoroughly investigate Merritt's case, file a motion to suppress, appeal his case, and provide information to U.S. Probation regarding his case.

---

[2] The superseding indictment included an additional count of possessing a firearm in furtherance of another felony offense. (*Id.*, ECF No. 38.)

[3] Rule 11(c)(1)(C) permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement."

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[A] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence."[4] A motion brought under § 2255 must allege "one of the following three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[5] Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion,[6] and must be made on direct appeal or they are waived.[7]

An evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact.[8] The petitioner bears the burden of pleading and articulating sufficient facts to state a viable claim for post-conviction relief under 28 U.S.C. § 2255, and a § 2255 motion may be dismissed if it only makes vague conclusory statements without

---

[4] *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

[5] *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006). *See also Mallett v. United States,* 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States,* 323 F.3d 445, 454 (6th Cir. 2003).

[6] *United States v. Grant*, 72 F.3d 503, 505-06 (6th Cir. 1996).

[7] *See Weinberger,* 268 F.3d at 351.

[8] *Amr v. United States*, 280 Fed. App'x. 480, 485, (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Cordell v. United States*, 2008 WL 4568076, * 2 (E.D. Tenn. Oct.14, 2008).

substantiating allegations of specific facts and, consequently, fails to state a viable claim cognizable under § 2255.[9]

In this case, the Court finds that Merritt has not met his burden of showing that he is entitled to relief under 28 U.S.C. § 2255 on any of his claims and that an evidentiary hearing is not warranted. Merritt has not established an error of constitutional magnitude which had a substantial and injurious effect on his criminal proceedings because he has not presented sufficient facts showing that his Sixth Amendment right to effective assistance of counsel was violated. Nor has he established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his constitutional right to due process of law.

## III. ANALYSIS

The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[10] At the plea hearing in this case, the Court conducted an exhaustive interrogation of Merritt to ensure that he was guilty and that there was an adequate factual basis for the plea. The Court fully inquired into the validity of Merritt's plea, including his voluntary and willing waiver of his rights, as required by Rule 11 of the Federal Rules of Criminal Procedure. The plea colloquy complied with Rule 11 in every respect.[11] Merritt cannot now attempt to contradict the statements he made during the plea hearing.

---

[9] *Ryals v. United States*, 2009 WL 595984, * 5 (E.D. Tenn. March 6, 2009); *Stamper v. United States*, 2008 WL 2811902, * 1 (E.D. Tenn. July 18, 2008).

[10] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

[11] *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (court's inquiry on § 2255 challenge to a guilty plea should focus on compliance with Rule 11).

> Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.[12]

Before accepting Merritt's plea of guilty and the accompanying plea agreement on February 13, 2012, the Court insured the knowing and voluntary nature of Merritt's waiver of trial and negotiated agreement with the United States. The Court first inquired into whether Merritt had had an opportunity to discuss his case with defense counsel and whether defense counsel explained the facts and law of his case to his satisfaction. (11-cr-20144, ECF No. 78.) In response, Merritt answered in the affirmative. (*Id.*). Additionally, the Court asked Merritt if he understood what he was doing; Merritt replied, "I'm here. I'm fixin' to plead to five years for these pills I had." (*Id.* at p. 157).

In his plea agreement, Merritt admitted that he was pleading guilty to the charges because he was in fact guilty. He acknowledged that he had been advised of and fully understood his rights. He understood the possible penalties, his right to a trial and his waiver thereof, and his waiver of the right to appeal his conviction. He also understood that the Court would refer to the advisory Sentencing Guidelines. (*Id.,* ECF No. 58.)

After Merritt's waiver of his right to a trial by jury, the Court apprised Merritt that it was up to the Court as to whether it would accept a sentence of sixty months. In so doing, the Court reiterated exactly what Merritt was asking the court to do. "So the government is saying, Mr. Germany and you are saying, well, we think five years is a fair sentence in this case for what Mr. Merritt's pleading to." (*Id.* at p, 161). The Court then advised Merritt that, under the plea agreement, if after reviewing the Presentence Investigative Report ("PSR"), the Court disagreed

---

[12] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

with the sixty month proposal, then the Court could reject the parties negotiated plea agreement and Merritt's guilty plea would be withdrawn. Merritt responded, "I'm cool. I'm listening to you on that" and "yes sir, I understood what you just said… how you just put it." (*Id.* at p. 162). Finally, the Court asked, "With everything we've just talked about, Mr. Merritt, is it still your desire to enter a plea of guilty to Count 2 of the indictment?" (*Id.*) Merritt responded, "Yes sir." (*Id.*).

The Court instructed the United States to read the entire plea agreement into the record, explained each term, and asked the defendant if he understood. (*Id.* at pp. 162-168). The Court again explained that "Mr. Merritt, the thing you need to be most concerned with is you've got an agreement with the government for a sentence of five years. Again, that's what I've got to decide if it's appropriate or not. And I can't tell you whether I'm going to accept it or not until I see this presentence report that we keep talking about…Does all this make sense to you?" (*Id.* at p. 167). Merritt responded, "Yeah. I'm hearing you…the presentence report going to determine everything." (*Id.*)

In closing, the Court reminded Merritt of the proposed sentence, asked him if defense counsel had taken the opportunity to explain the agreement to him, and verified that it was Merritt's signature on the plea agreement. (*Id.* at pp. 168-70). Merritt answered all questions in the affirmative. (*Id.*)

Although Merritt claims that his counsel was ineffective, the Sixth Circuit Court of Appeals held in *Ramos v. Rogers*,[13] that "the trial court's proper plea colloquy cured any misunderstanding that he may have had about the consequences of his guilty plea."[14] "Entry of a

---

[13] 170 F.3d 560 (6th Cir. 1999).

[14] *See also Baker v. United States*, 781 F.2d 85, 91 (6th Cir. 1985) (a "defendant's plea agreement consists of the terms revealed in open court").

plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard."[15]

The United States Supreme Court has held that:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[16]

The entrance of a "guilty plea means that all possible non-jurisdiction, pre-plea errors have been waived."[17] The government has a fundamental interest in the finality of guilty pleas.[18]

*Strickland v. Washington*,[19] establishes the standard for an ineffective assistance claim. The defendant must show: (1) deficient performance by counsel and (2) prejudice to the defendant from the deficient performance.[20] To demonstrate prejudice in the course of a conviction entered on a guilty plea, a movant must "show that there is a reasonable probability

---

[15] *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 2004) (pointing out that "[t]he purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing.").

[16] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[17] *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001); *United States v. Pickett*, 941 F.2d 411, 416-17 (6th Cir. 1991)("[B]ecause a guilty plea bars any subsequent non-jurisdictional attack on the conviction, his failure to enter a conditional guilty plea prevents him from raising his argument."); *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000).

[18] *Hill*, 474 U.S. at 58.

[19] 466 U.S. 668, 687 (1984).

[20] *Id.*

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[21] In analyzing prejudice,

> the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.[22]

"Thus an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."[23] In the context of sentencing, the Court looks to whether the result of the sentencing proceeding was unfair or unreliable.[24]

Merritt does not challenge the validity of his guilty plea. Instead, he complains of his attorney's performance in purportedly "allowing" him to be sentenced outside his advisory guideline range, failing to file a motion to suppress, not appealing his case, and not providing information to the Probation Office regarding the his case. It appears that Merritt is attempting to use ineffective assistance of counsel as a vehicle to avoid the express language of the plea agreement that precludes him from directly challenging his sentence on appeal or by collateral attack.

A criminal defendant may waive his right to directly appeal from a conviction and sentence imposed by way of plea agreement as long as the waiver is both knowingly and voluntarily

---

[21] *Hill*, 474 U.S. at 59.

[22] *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

[23] <u>*Lockhart v. Fretwell*</u>, 506 U.S. at 369.

[24] *Id.* at 371.

made.[25] A waiver ordinarily will be held to be knowing, intelligent, and voluntary if a criminal defendant fully understands the nature of the rights to be surrendered and how such waiver would generally apply, even though he may not know all of the specific consequences that flow therefrom.[26] To determine whether a waiver is knowing and voluntary, the Court will look to the totality of the circumstances surrounding such waiver.[27]

In this case, the record shows that Merritt's decision to waive his right to direct appeal and collateral attack by entering into a plea agreement was knowingly, intelligently, and voluntarily made. An examination of both the plea agreement and the plea hearing shows that Merritt was aware of the terms of the plea agreement and accepted those terms. This Court ensured at the hearing that the contents of the plea agreement had been fully explained to Merritt and that he understood them. Merritt agreed in open court that he understood them and had them explained to him by his attorney, whose services he then acknowledged were satisfactory to him. Nothing in the record suggests that Merritt had any reservations about the agreement, its meaning, or its effect in limiting his right to attack his conviction and sentence.

A defendant who has agreed to waive any direct appeal or collateral attack to his sentence may not assert ineffective assistance of counsel as a means to get around the waiver provisions of his plea agreement with the United States.

> [E]very Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.
> ….

---

[25] *United States v. Allison*, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002 (1995); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995).

[26] *United States v. Ruiz*, 536 U.S. 622, 629 (2002).

[27] *Berry v. Mindzes*, 726 F.2d 1142, 1149 (6th Cir. 1984).

> We are persuaded by the foregoing consistent line of authority from our sister Circuits on this issue, particularly since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.[28]

Because Merritt has failed to carry his burden to show by the totality of the circumstances that his plea of guilty and/or the plea agreement were unknowing, involuntary or unintelligent, he has waived his opportunity to bring a claim of ineffective assistance of counsel as to his sentencing in a § 2255 motion to vacate.

## IV.  MERITS REVIEW OF CLAIMS

In the alternative, the Court will examine the individual claims of Merritt on their merits. Merritt's first claim that his attorney was ineffective because of his failure to object to Merritt's being sentenced outside his advisory guideline range, even if not waived, is without merit.

Under the superseding indictment, Merritt faced an additional count that carried a mandatory five years of imprisonment that was to run consecutive to any other term of imprisonment. (11-cr-20144, ECF No. 36.) The day after the superseding indictment was filed, Merritt filed a motion to vacate the impending trial date and asked the district court to set the case for a change of plea hearing. (*Id.*, ECF No. 35.) The motion was granted, and, thereafter, the parties entered into a negotiated settlement whereby the United States would agree to dismiss counts one and three of the indictment if Merritt would agree to plead guilty to an above guideline specific sentence of sixty months in regard to count two. (*Id.*, ECF No. 58.) Merritt was to receive the benefit of a guaranteed below guideline sentence, while the United States was to receive a voluntary plea of guilty and a waiver of appeal. In the plea agreement, Merritt agreed

---

[28] *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 546 U.S. 902 (2005).

10

that the sixty month sentence was reasonable and, along with the United States, asked the Court to accept the agreement. (*Id.*)

Merritt's claim that his sixty month sentence shows defense counsel's ineffective assistance ignores the benefit that he received under the plea agreement. Merritt references the two to eight month advisory guideline range, as amended by the Court (defendant actually claims that he should have been sentenced between 0-6 months) and outlined in paragraph seventy of the PSR and argues that his attorney should have objected to any sentence above of this range. Merritt's argument not only contradicts the knowing and voluntary plea agreement that he entered into, it also disregards paragraph seventy-one of the PSR which specifically delineated what Merritt's guideline range would have been had there not been a plea agreement in place. Merritt was able to secure a specific sentence of sixty months in lieu of potential sentencing at no less than 180 months as an Armed Career Criminal if convicted under count one and/or exposure to a consecutive sentence of sixty months for possessing a firearm during the commission of the drug offense of convicted under count three. (*Id.*, ECF No. 78.) Furthermore, as noted above, at the sentencing hearing, the Court again verified that Merritt understood the plea agreement and its effect on sentencing. (*Id.*, ECF Nos. 63, 78.)

Because Merritt has failed to show under *Strickland* that his defense counsel was ineffective for failing to object to the agreed under sentence, claim one is **DISMISSED**.

Merritt's second claim is also without merit. Merritt complains that his attorney did not file a motion to suppress, although he does not specify any purported grounds for such a motion. Because Merritt has failed to identify the grounds upon which the motion to suppress the evidence should have been made, his claim is insufficiently pled as he has failed to provide any factual support as required by Rule 2 of the Rules Governing Section 2255 Proceedings for the

United States District Courts. There is nothing before the Court identifying grounds upon which counsel should have filed this motion nor is there any evidence indicating any legitimate grounds for doing so. Merritt is not entitled to § 2255 relief on his factually unsupported claim that counsel failed to file a motion to suppress the evidence.[29]

Additionally, as noted above, the Court asked Merritt at both his change of plea hearing and his sentencing hearing whether he was satisfied with his attorney's performance. Merritt answered in the affirmative both times. Merritt cannot complain now of a deficient performance that he previously swore was satisfactory.

Moreover, even if Merritt could show that defense counsel's failure to file a motion to suppress was deficient performance, he has not established that he was prejudiced this failure. "[T]he failure to file a suppression motion does not constitute per se ineffective assistance of counsel."[30] Even if a motion is potentially meritorious, the decision of whether to file such a motion is a tactical one. In addition, an attorney does not perform deficiently or prejudice his client by failing to file a frivolous motion.[31]

Further, assuming that the Court had granted the motion to suppress either the drugs or the firearm, suppressed evidence may be considered when determining a defendant's offense level at sentencing.[32] Thus, the Court could have considered Merritt's possession of the drugs and/or the firearm when computing his Guidelines level, even if a motion to suppress had been filed by defense counsel and granted by the Court.

---

[29] *See Nieto v. United States*, 2011 WL 4473778 * 9 (E.D. Tenn. Sept. 26, 2011).

[30] *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

[31] *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

[32] *United States v. Hill*, 79 F.3d 1477, 1481 & n. 1 (6th Cir. 1996); *United States v. Jenkins*, 4 F.3d 1338, 1344–45 (6th Cir. 1993).

Next, as part of claim two, Merritt contends that defense counsel was ineffective for not filing an appeal in his case pursuant to Merritt's request. As discussed above, the Court had the United States read the entire plea agreement into the record and then reviewed each specific term with Merritt and made sure that he understood it. (11-cr-20144, ECF No. 78.) Defense counsel could not file an appeal under the plea agreement entered into by Merritt and the United States.

Finally, as part of claim two, Merritt contends that the Court, rather than his attorney, had to tell the probation officer to take certain things out of the PSR. As with Merritt's allegations about the failure to file a motion to suppress, this claim is insufficiently pled as Merritt has failed to provide any factual support as required by Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly, claim two is **DISMISSED**.

Because every issue presented by Merritt has been dismissed, his § 2255 Motion is **DENIED**. Judgment shall be entered for the United States.

V.     **APPEAL ISSUES**

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[33] No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

---

[33] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

were adequate to deserve encouragement to proceed further."[34] A COA does not require a showing that the appeal will succeed.[35] Courts should not issue a COA as a matter of course.[36]

In this case, for the reasons previously stated, Merritt's claims are without merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court, therefore, **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[37] Rather, to appeal *in forma pauperis* in a § 2255 case and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[38] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[39] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[40]

In this case, for the same reasons that the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is, therefore,

---

[34] *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted) (internal quotation marks omitted).

[35] *Id.* at 337.

[36] *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[37] *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[38] *Id.* at 952.

[39] Fed. R. App. P. 24(a)(1).

[40] *See* Fed. R. App. P. 24(a)(4)-(5).

**CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**. If Merritt files a notice of appeal, he must also pay the full $505 appellate filing fee, 28 U.S.C. §§ 1913, 1917, or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.[41]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 4, 2016.

---

[41] Fed. R. App. P. 24(a)(4)-(5).